IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RYAN M., B/N/F MOSLEY, ROBERICK & KIMBERLY | § § § § § § § § § § § § | |
| Plaintiff, | | |
| | | Civil Action No. _____ |
| v. | | |
| DESOTO INDEPENDENT SCHOOL DISTRICT, | | |
| Defendant. | | |

## DEFENDANT'S NOTICE OF REMOVAL

Pursuant to 28 United States Code Sections 1331, 1441, and 1446, Defendant DeSoto Independent School District (Defendant) removes Cause No. DC-20-16321 (the State Court Action) from the 95th Judicial District Court of Dallas County, Texas to the United States District Court for the Northern District of Texas, Dallas Division, and would respectfully show the Court as follows:

### I.  SUMMARY OF STATE COURT ACTION

1. Plaintiff Ryan M., b/n/f Mosley, Roberick & Kimberly (Plaintiff) filed suit against DeSoto Independent School District on October 30, 2020, which included allegations arising under federal law.

2. Defendant was served on November 9, 2020, by serving Zina Bean, Senior Executive Assistant to the Superintendent of DeSoto Independent School District.

3. This removal is timely pursuant to 28 U.S.C. § 1446(b).

4. Defendant has not filed any papers in the State Court Action.

## II.   JURISDICTION

5.   The State Court Action is removable under 28 U.S.C. § 1441 on the basis of federal question jurisdiction. Any civil action brought in a state court may be removed without regard to the citizenship of the parties when the district courts of the United States have original jurisdiction.[1] District courts of the United States have original jurisdiction over all civil actions arising under the Constitution and laws of the United States.[2]

6.   Plaintiff's Original Petition contains claims arising under federal law. Specifically, in Count One, Count Two, and Count Three in the Original Petition, Plaintiff has alleged claims against the District premised on the Americans with Disabilities Act (ADA) and Section 504 of the Rehabilitation Act (Section 504 or the RA).

7.   Because Plaintiff's claims arise under federal statutes, the action is removable, and the United States District Court for the Northern District of Texas has jurisdiction.[3]

8.   Plaintiff's remaining claims in Count Four, Count Five, Count Six, and Count Seven allege various additional claims against the District without citing to any specific statute or applicable law.[4]

9.   Moreover, the Court can exercise jurisdiction over the entirety of the State Court Action because the remaining claims for negligence and gross negligence; negligent retention, hiring and supervision; vicarious liability for assault and respondeat superior; and intentional infliction of emotional distress arise out of "a common nucleus of operative facts" as those claims

---

[1] 28 U.S.C. § 1441(a).
[2] 28 U.S.C. § 1331.
[3] *See* 28 U.S.C. § 1441(a).
[4] In the section of the Original Petition giving details on Plaintiff's requested damages, Plaintiff does request exemplary damages for the gross negligence claim under Section 41.005(c) of the Texas Civil Practice and Remedies Code and states that the gross negligence claim is based on "Title 5 Chapter 22 of the Texas Penal Code." However, Plaintiff does not state with any particularly any state law or statute or other basis for the additional claims in the allegations describing the claims.

are premised on the ADA and the RA.[5] Specifically, all claims are based on Plaintiff's allegations regarding DeSoto ISD's actions pertaining to Plaintiff. As stated in the statute, the remaining claims in Count Three through Count Seven are "so related" to the federal law claims "that they form part of the same case or controversy" and, thus, the Court may exercise supplemental jurisdiction over those claims.[6]

10.   Accordingly, the entire State Court Action is removable.

### III.   REMOVAL REQUIREMENTS

11.   Filed simultaneously herewith is an index of the process, pleadings, and orders from the State Court Action, copies of all documents filed in the State Court Action, a copy of the State Court Action docket sheet, and a certificate of interested persons.

WHEREFORE, PREMISES CONSIDERED, DeSoto Independent School respectfully requests that the State Court Action be removed to this Court for trial and determination, that all further proceedings in the State Court Action be stayed, and that Defendant have all additional relief to which it may be justly entitled.

Respectfully submitted,

By: /s/Meredith Prykryl Walker
Meredith Prykryl Walker
State Bar No. 24056487
Alexandra Mosser
State Bar No. 24107297

WALSH GALLEGOS TREVIÑO
RUSSO & KYLE P.C.
105 Decker Court, Suite 700

---

[5] *See United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725 (1966); *see also* Plaintiff's Original Petition at pp.10-16. The District also notes that the Court *may* exercise jurisdiction, but also notes that as a Texas public school district, DeSoto ISD has governmental immunity, which is not waived and which it intends to assert in response to Plaintiff's claims.
[6] *See* 28 U.S.C. § 1367(a).

Irving, Texas 75062
214.574.8800
214.574.8801 (facsimile)
mwalker@wabsa.com
amosser@wabsa.com

ATTORNEYS FOR DEFENDANT
DESOTO INDEPENDENT SCHOOL
DISTRICT

## CERTIFICATE OF SERVICE

On November 30, 2020, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

Roberick & Kimberly Mosley
717 Sierra Court
Grand Prairie, TX 75052

/s/ Meredith Prykryl Walker
Meredith Prykryl Walker